UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

ALEX WIRTH, Individually and on behalf of
Vagabond Properties, LLC,

                                                Plaintiff,

                                                Case # 17-CV-6347-FPG
v.

                                                DECISION AND ORDER

CITY OF ROCHESTER, et al.,

                                                Defendants.
─────────────────────────────────

## INTRODUCTION

Plaintiff Alex Wirth, individually and on behalf of Vagabond Properties, LLC ("Vagabond"), brings this civil-rights action against Defendants City of Rochester and Daniel Arena, both individually and in his official capacity as Neighborhood Conservation Officer for the Neighborhood Service Center of the City of Rochester. ECF No. 1. Plaintiff's claims arise from the process to obtain a Certificate of Occupancy for a residential rental property under the City's property code.

On September 30, 2020, the Court issued a Decision and Order (1) granting Defendants' motion for summary judgment on Count III (Fourth Amendment Violations), Count IV (New York State Constitution, Article I, § 12 Violations), Count V (New York Civil Rights Law § 8 Violations), and Count VII (Declaratory Judgment); (2) dismissing Counts I and II as withdrawn by Plaintiff; and (3) directing Plaintiff to submit supplemental memoranda explaining whether he would maintain his Count VI (Eighth & Fourteenth Amendments Violations, and New York Constitution Article I, § 5 and New York Civil Rights Law § 11 Violations) claims in light of the

1

disposition of his other causes of action, and requesting Plaintiff explain his theory with respect to those claims moving forward. *See* ECF No. 53 at 14.

On November 30, 2020, Plaintiff moved for summary judgment on Count VI, ECF No. 56, and Plaintiff filed a separate motion asking the Court "to reconsider the dismissal of Plaintiff Vagabond Properties, LLC's claims for violations of its rights under the Fourth Amendment, article 1 section 12 of the New York Constitution, and Civil Rights Law section 8, pursuant to Local Rule 7 and Fed. R. Civ. P. 60(b)," ECF No. 57 at 1. Defendants responded in opposition to those motions, ECF Nos. 60, 61, and Plaintiff replied, ECF Nos. 62, 63.

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts, which were set out in the Court's September 30, 2020 Decision and Order, ECF No. 53, and the full record of prior proceedings in this matter. The Court considers first Plaintiff's motion for summary judgment, ECF No. 56, before turning to Plaintiff's motion for reconsideration, ECF No. 57.

**I.    Summary Judgment**

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

Count VI of Plaintiff's Complaint alleges violations of the Eighth and Fourteenth Amendments of the United States Constitution, violations of the New York Constitution Article I, § 5, and violations of New York Civil Rights Law § 11.

### A. Eighth Amendment

"The Eighth Amendment provides that '[e]xcessive bail shall not be required, nor excessive fines imposed.'" *United States v. Davis*, 648 F.3d 85, 96 (2d Cir. 2011) (quoting U.S. Const. amend. VIII). "A fine refers to 'a payment to a sovereign as punishment for some offense.'" *Davis*, 648 F.3d 85, 96 (quoting *Browning–Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)).

Here, the Court considers two possible underpinnings for Plaintiff's Eighth Amendment claim: (1) the attorney fees Plaintiff incurred defending the City's prosecution; and (2) the ticket the City issued to Vagabond under RMC section 90-16A(1) for "[f]ailure to obtain a Certificate of Occupancy for the subject property," which carried a fine of $150.00. *See* ECF No. 37-1 at 3; ECF No. 47-8 at 1.

To the extent Plaintiff's Eighth Amendment claim is premised on the fact that the "City . . . prosecuted Vagabond . . . causing Vagabond to incur $2,315 in legal fees," such claim fails. Legal fees are not "a payment to a sovereign as punishment for some offense," *see Davis*, 648 F.3d at 96, thus they cannot form the basis for an Eighth Amendment claim.

With respect to the $150 ticket, Plaintiff fares no better. At a hearing before the City's Municipal Code Violations Bureau, Vagabond was found "not guilty" and the adjudicated fine

3

amount was adjusted to $0.00.¹ There is no dispute that Plaintiff did not actually pay a fine to resolve this matter. Accordingly, any Eighth Amendment claim premised on the $150 ticket issued to Plaintiff fails as a matter of law. *See Farina v. Metro. Transp. Auth.*, 409 F. Supp. 3d 173, 200 (S.D.N.Y. 2019) ("With no allegation as to the amount of fines actually paid by [plaintiff], it is not possible to undertake the four-factor analysis of whether his fines were 'grossly disproportional' to the underlying offense and therefore a plausible violation of the Eighth Amendment.") (citing *United States v. Viloski*, 814 F.3d 104, 111 (2d Cir. 2016)). The Court therefore GRANTS summary judgment to Defendants as to violations of the Eighth Amendment under Count VI.

### B. New York Constitution Article I, § 5

"New York's Excessive Fines clause requires the same analysis as the federal, and provides no greater protection." *Grinberg v. Safir*, 694 N.Y.S.2d 316, 327 (N.Y. Sup. Ct. 1999); *see also Nassau Cty. v. Bigler*, Index No. 25915/99, 2001 WL 34378415, at *5 (N.Y. Sup. Ct. Nov. 13, 2001) ("The Eighth Amendment to the United States Constitution, and the parallel section of the New York State Constitution, article I, § 5, provide that 'excessive fines' shall not be imposed by the government."). Therefore, under the same analysis above, the Court GRANTS summary judgment in favor of Defendants on Plaintiff's claim under New York Constitution Article I, § 5.

### C. New York Civil Rights Law § 11

Plaintiff also seeks summary judgment under Count VI of his Complaint for violations of New York Civil Rights Law § 11. Plaintiff asserts that "[c]ase law examining Civil Rights Law section 11 in New York is sparse," and requests that "the Court . . . remand this action to the New York State Supreme Court" to consider any "novel questions of New York law that count VI

---

¹ As noted by the Court in its September 30, 2020 Decision and Order, ECF No. 53, Defendants assert that the City Law Department voided the ticket before it was adjudged "not guilty," suggesting that the ultimate adjudication was superfluous. *See* ECF No. 53 at 5 n.1 (citing ECF No. 47-13 at 4). Regardless, Plaintiff does not contend that Vagabond actually paid a fine.

4

raises." ECF No. 56 at 10. Defendants argue that any claims arising under New York Civil Rights Law Section 11 "cannot be considered because there was no fine or amercement of the Plaintiffs," but they concede that "there is no case law in New York State which addresses this section of the Civil Rights Law since 1962." ECF No. 60-1 at 5.

In light of the dismissal of Plaintiff's Eighth Amendment claim, and in light of the lack of clear guidance in New York case law on the viability of a distinct claim under New York Civil Rights Law § 11, "the Court declines to exercise supplemental jurisdiction over the state law claims for violation of New York Civil Rights Law § 11." *See Buttaro v. Affiliated Comput. Servs., Inc.*, No. CV 14-353 (LDW) (SIL), 2016 WL 8711058, at *3 (E.D.N.Y. Dec. 2, 2016). Accordingly, such claims are REMANDED to New York State Supreme Court for adjudication. *See Riano v. Town of Schroeppel* ex rel. *Town Bd. of Town of Schroeppel*, No. 5:13–cv–352 (MAD/TWD), 2013 WL 5702263, at *10 (N.D.N.Y. Oct. 18, 2013).

**II.     Reconsideration**

Federal Rule of Civil Procedure 60 governs relief from a court judgment or order, and therefore applies to Plaintiff's reconsideration motion. *See* Fed. R. Civ. P. 60(b); *see also Barnes v. Alves*, 10 F. Supp. 3d 391, 392 (W.D.N.Y. 2014) ("Because Defendants are requesting the reconsideration of an order, the Court construes their motion for reconsideration as a motion pursuant to Rule 60(b)."). "The applicable standard is stringent." *Bausch & Lomb Inc. v. Vitamin Health, Inc.*, No. 13-CV-6498, 2015 WL 13574357, at *1 (W.D.N.Y. Sept. 29, 2015).

> As noted by the Second Circuit, the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. With respect to the third of these criteria, to justify review of a decision, the Court must have a clear conviction

> of error on a point of law that is certain to recur. These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.

*Id*. (quoting *Barnes*, 10 F. Supp. 3d at 393-94) (alterations in original); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). Ultimately, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *U.S. ex rel. Kolchinsky v. Moody's Corp.*, No. 12-CV-1399, 2017 WL 3841866, at *1 (Sept. 1, 2017) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

Plaintiff seeks reconsideration of this Court's Order dismissing Vagabond's claims for violations of its rights under the Fourth Amendment of the U.S. Constitution, Article I, § 12 of the New York Constitution, and New York Civil Rights Law § 8 (Counts III, IV, and V of the Amended Complaint). ECF No. 57. More specifically, Plaintiff argues that (1) that Plaintiff has Article III Standing to bring his Count III, IV, and V claims; (2) Vagabond satisfied the criteria for third-party standing to assert its tenants' Fourth Amendment rights; (3) Defendant City's "mistake" defense does not defeat Plaintiff's standing; and (4) Plaintiff has standing under Article I, § 12 of the New York Constitution. ECF No. 57-4 at 10-28.

6

The Court considered these issues in its prior Decision and Order and is unpersuaded that Plaintiff meets the stringent standard applicable to review on reconsideration. *See Barnes*, 10 F. Supp. 3d at 394 ("[The moving party] bear[s] the burden to demonstrate that this Court made a clear error . . . ."). Notably, reconsideration "is not a mechanism to allow parties to relitigate contentions and arguments already briefed, considered and decided." *Johnson v. Ricks*, No. 9:02-CV-1366 (NPM), 2008 WL 2097164, at *2 (N.D.N.Y. May 19, 2008) (citation omitted). Accordingly, Plaintiff's motion for reconsideration is DENIED in so far as it requests that the Court revisit its dismissal of Counts III, IV, and V for lack of Article III standing.

### III.  Appropriate Remedy

Finally, Plaintiff argues that remand, not dismissal, is the appropriate remedy as to Plaintiff's Count III, IV, and V claims where the Court dismisses such claims for lack of Article III standing. "Where a court finds that it lacks subject matter jurisdiction over only some, but not all, claims in a case removed from state court, the appropriate course of action is less straightforward" than where a district court determines it lacks jurisdiction over the entire case. *See Zanotti v. Invention Submission Corp.*, No. 18-cv-5893 (NSR), 2020 WL 2857304, at *11 (S.D.N.Y. June 2, 2020).

"Plaintiffs have not presented any argument that they would be foreclosed from commencing a new action in state court against [Defendants] if the Court were to dismiss their claims without prejudice rather than remand them." *Id.* at *13. Nonetheless, because the Court is remanding Plaintiff's New York Civil Rights § 11 claim, as discussed above, judicial economy favors remanding Plaintiff's Count III, IV, and V claims to New York State Supreme Court rather than dismissing such claims without prejudice. Accordingly, in so far as Plaintiff's motion for

reconsideration requests remand instead of dismissal of Plaintiff's Count III, IV, and V claims, his motion is GRANTED and such claims are REMANDED to New York State Supreme Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on Count VI, ECF No. 56, is DENIED; Defendants' motion for summary judgment on Count VI, ECF No. 60, is GRANTED IN PART as to the claims arising under the Eighth Amendment and the New York Constitution Article I, § 5, and DENIED IN PART as to the claims arising under New York Civil Rights Law § 11 which are REMANDED to New York State Supreme Court, Monroe County, for adjudication pursuant to 28 U.S.C. § 1367(c)(1). *See Riano*, 2013 WL 5702263, at *10.

Plaintiff's motion for reconsideration, ECF No. 57, is GRANTED IN PART and DENIED IN PART, and Plaintiff's Count III, IV, and V claims are REMANDED to the New York State Supreme Court, Monroe County.

IT IS SO ORDERED.

Dated: July 30, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York